UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:14-CV-62066

CMA OF DELAWARE, INC.,
and NATIONAL BEVERAGE CORP.

    Plaintiffs,

v.

DAVID B. MURSTEN,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, DAVID B. MURSTEN ("Mursten"), by and through undersigned counsel, hereby files his Answer and Affirmative Defenses to the Complaint filed by Plaintiffs CMA OF DELAWARE, INC. and NATIONAL BEVERAGE CORP. and states as follows:

## ANSWER

1. Plaintiff is without sufficient knowledge to admit or deny this allegation.

2. Plaintiff is without sufficient knowledge to admit or deny this allegation.

3. Admitted.

4. Admitted except that the amount in bona fide controversy is denied.

5. Admitted as to venue only, otherwise denied.

6. Admitted that Mursten was previously an employee of CMA, but not after August 2008. Admitted that Mursten was previously a consultant of CMA and NBC between Labor Day weekend 2010 and November 19, 2011. Otherwise, denied.

7. Admitted that Mursten signed the purported Confidentiality Agreements attached to the Complaint, and that the terms of those documents speak for themselves. Otherwise, denied.

8. Admitted that on or about August 21, 2006, Mursten signed the Memorandum dated June 13, 2005 attached to the Complaint as Exhibit 1 and that the terms of the Memorandum speak for themselves. Otherwise, denied, and specifically denied that Mursten had previously executed a confidentiality agreement.

9. Admitted that on or about August 21, 2006, Mursten signed the Confidentiality Agreement attached to the Complaint as Exhibit 2, and that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise, denied. At the time of Mursten's signature, it was not witnessed by any company representative contrary to what is shown on the Exhibit.

10. Admitted that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise denied.

11. Admitted that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise denied.

12. Admitted that Mursten was given access to information regarding CMA or NBC during the period of his employment for purposes of his employment as necessary. Otherwise denied.

13. Denied as stated. The authenticity of the payments included in Exhibit 3, aside from the dates, which are unreliable, is admitted

14. Admitted that Mursten executed the document dated January 24, 2011 ("2011 Confidentiality and Non-Disclosure Agreement") attached to the Complaint as Exhibit 4, the terms of which speak for themselves. Otherwise, denied. The document is in fact not an agreement and the consideration recited is absent.

15. Admitted that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves.  Otherwise denied.

16. Admitted that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves.  Otherwise denied.

17. Admitted.

18. Denied.  The 2011 Confidentiality and Non-Disclosure Agreement expired at the latest when the substance of the Japanese transaction was publicly filed in court by CMA and NBC counsel.

19. Admitted that Mursten received documents from the Chief Executive Officer of National Beverage Corp., which were produced in an earlier litigation.  Otherwise denied.

20. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

21. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

22. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

23. To the extent this allegation relates to disclosure to Mursten's attorneys, the allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).  To the extent this allegation relates to disclosure to third parties, denied.

24. To the extent this allegation relates to disclosure to Mursten's attorneys, the allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's

Motion to Dismiss (DE 39). To the extent this allegation relates to disclosure to third parties, denied.

25. Admitted.

26. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

27. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

28. This allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39).

29. To the extent this allegation relates to disclosure to Mursten's attorneys, the allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39). To the extent this allegation relates to disclosure to third parties, denied. The only disclosure was to counsel in the case pursuant to an agreed protective order negotiated with those same counsel and signed by the court, validating past and subsequent disclosure to counsel.

30. To the extent this allegation relates to disclosure to Mursten's attorneys, the allegation is outside the scope of the Complaint as limited by the Court's Order granting in part Defendant's Motion to Dismiss (DE 39). To the extent this allegation relates to disclosure to third parties, denied. The only disclosure was to counsel in the case pursuant to an agreed protective order negotiated with those same counsel and signed by the court, validating past and subsequent disclosure to counsel.

31. Denied.  The reference is to a transcribed hearing in open court for which there was an agreement between counsel for CMA, NBC and counsel for Defendant Mursten that the confidentiality agreement had expired by its terms.  There was no "threat" at any time.

32. Denied except for a request on Thanksgiving Eve, 2011 when Mursten produced, within less than six hours, all documents requested.  A representative of CMA and NBC acknowledged Mursten's satisfactory compliance with the request and there has been no other request for the return of documents at and time by CMA or NBC.

## COUNT I

### CLAIM FOR MONEY DAMAGES BY NBC FOR BREACH OF THE 2006 CONFIDENTIALITY AGREEMENT BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT II

### CLAIM FOR MONEY DAMAGES BY CMA FOR BREACH OF THE 2006 CONFIDENTIALITY AGREEMENT BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT III

### CLAIM FOR MONEY DAMAGES BY NBC FOR BREACH OF THE 2011 CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT IV

### CLAIM FOR MONEY DAMAGES BY CMA FOR BREACH OF THE 2011 CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT V

### CLAIM FOR MONEY DAMAGES BY NBC FOR BREACH OF FIDUCIARY DUTY BY VIOLATING ATTORNEY-CLIENT PRIVILEGE BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT VI

### CLAIM FOR MONEY DAMAGES BY CMA FOR BREACH OF FIDUCIARY DUTY BY VIOLATING ATTORNEY-CLIENT PRIVILEGE BY MURSTEN

The Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39), and therefore no answer is required.

## COUNT VII

### CLAIM FOR INJUNCTIVE RELIEF BY NBC FOR BREACH OF THE 2006 CONFIDENTIALITY AGREEMENT BY MURSTEN

To the extent this count relates to disclosure to Mursten's attorneys, the Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39) and no answer is required. To the extent this count relates to disclosure to third-parties other than Mursten's attorneys, Mursten answers as follows:

65. Admitted that Mursten signed the 2006 Confidentiality Agreement attached to the Complaint as Exhibit 2 and that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise denied.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

66. Admitted that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT VIII

## CLAIM FOR INJUNCTIVE RELIEF BY CMA FOR BREACH OF THE 2006 CONFIDENTIALITY AGREEMENT BY MURSTEN

To the extent this count relates to disclosure to Mursten's attorneys, the Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39) and no answer is required. To the extent this count relates to disclosure to third-parties other than Mursten's attorneys, Mursten answers as follows:

72. Admitted that Mursten signed the 2006 Confidentiality Agreement attached to the Complaint as Exhibit 2 and that the terms of the 2006 Confidentiality Agreement speak for themselves. Otherwise denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

## COUNT IX

### CLAIM FOR INJUNCTIVE RELIEF BY NBC FOR BREACH OF THE
### 2011 CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT BY MURSTEN

To the extent this count relates to disclosure to Mursten's attorneys, the Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39) and no answer is required. To the extent this count relates to disclosure to third-parties other than Mursten's attorneys, Mursten answers as follows:

78. Admitted that Mursten signed the 2011 Confidentiality and Non-Disclosure Agreement attached to the Complaint as Exhibit 4 and that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves. Otherwise denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Admitted that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves. Otherwise denied.

## COUNT X

### CLAIM FOR INJUNCTIVE RELIEF BY CMA FOR BREACH OF THE
### 2011 CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT BY MURSTEN

To the extent this count relates to disclosure to Mursten's attorneys, the Court dismissed this Count of the Complaint in its Order granting in part Defendant's Motion to Dismiss (DE 39) and no answer is required. To the extent this count relates to disclosure to third-parties other than Mursten's attorneys, Mursten answers as follows:

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

85. Admitted that Mursten signed the 2011 Confidentiality and Non-Disclosure Agreement attached to the Complaint as Exhibit 4 and that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves. Otherwise denied.

86. Admitted that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves. Otherwise denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Admitted that the terms of the 2011 Confidentiality and Non-Disclosure Agreement speak for themselves. Otherwise denied.

## COUNT XI

### CLAIM FOR PUNITIVE DAMAGES BY NBC

93. Denied.

94. Denied.

95. Denied.

## COUNT XII

### CLAIM FOR PUNITIVE DAMAGES BY NBC

96. Denied.

97. Denied.

98. Denied.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims are barred because they fail to state a cause of action. As this Court has already held, Plaintiffs' claims regarding disclosure by Mursten to his attorneys fail to state a cause of action. To extent there are any remaining claims in Counts VII-X of the Complaint, they likewise fail to state a cause of action. Plaintiffs have not alleged any other third parties to whom Mursten supposedly disclosed (or continues to disclose) confidential and/or privileged information, what confidential and/or privileged information has been or continues to be disclosed, or how Plaintiffs have been harmed by such disclosure. Likewise, Plaintiffs have not alleged what documents and/or information Mursten improperly retained or how such retention has harmed Plaintiffs. Nor was there any demand or request for documents at any time by CMA or NBC, except for a request on November 23, 2011 which Mursten fulfilled within six hours. A representative of CMA and NBC acknowledged the production as satisfactory.

2. Plaintiffs' claims are barred by the doctrine of laches. Plaintiffs have been aware of any alleged wrongdoing by Mursten with respect to the retention and/or disclosure of confidential and privileged information for years and have failed to pursue their rights in a timely manner. Accordingly, Mursten was unaware that Plaintiffs would assert the rights claimed in the Complaint, especially because Plaintiffs publicly disclosed their own allegedly "confidential and privileged" information in the case of *Mursten v. Caporella*, Case No. 14-60014-CIV-COHN/SNOW. Permitting Plaintiffs to pursue their rights at this point will cause prejudice to Mursten.

3. Plaintiffs' claims are barred by the doctrine of unclean hands and any claims are moot and invalidated on the merits because Plaintiffs publicly disclosed their own allegedly confidential and/or privileged information when their attorneys filed with the Court the deposition transcripts of George Bracken and Nick Caporella in the case of *Mursten v. Caporella*, Case No. 14-60014-CIV-

COHN/SNOW. These publicly filed depositions reveal the entire transaction which CMA and NBC allege to be "confidential." This disclosure, which has exactly zero consequence, proves that the elements of harm and need for an injunction are absent here.

4. Plaintiffs' claims are barred by the doctrines of estoppel and waiver because Plaintiffs publicly disclosed their own allegedly confidential and/or privileged information when their attorneys filed with the Court the deposition transcripts of George Bracken and Nick Caporella in the case of *Mursten v. Caporella*, Case No. 14-60014-CIV-COHN/SNOW.

5. Counts IX and X fail for lack of consideration. The purported 2011 Confidentiality and Non-Disclosure Agreement upon which Counts IX and X are based lacks consideration and therefore does not constitute a contract and Mursten cannot be deemed liable for any alleged past breach or continued breach thereof.

6. Counts VII-X for injunctive relief fail because any alleged wrongful conduct has ceased and there is no need for injunctive relief.

7. Counts VII-X for injunctive relief fail because there is an adequate remedy at law.

8. Counts VII-X for injunctive relief fail because Plaintiffs have not suffered irreparable harm.

9. Counts XI and XII fail because, pursuant to this Court's Order granting in part Defendant's motion to dismiss (DE 39), Plaintiffs do not have any pending claims for damages and thus there is no basis for punitive damages.

COFFEY BURLINGTON, P.L.
*Counsel for Defendant*

COFFEY BURLINGTON, P.L.
*Counsel for Defendant*
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By:  /s/ Erika S. Handelson
Paul J. Schwiep, Fla. Bar No. 823244
Jeffrey Crockett, Fla. Bar No. 347401
Erika S. Handelson, Fla. Bar No. 91133
ehandelson@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 24, 2015, on all counsel or parties of record on the Service List below.

By:    /s/ Erika S. Handelson

**SERVICE LIST**

*CMA Of Delaware, Inc., and National Beverage Corp. v. David B. Mursten*
CASE NO. 0:14-CV-62066

| | |
|---|---|
| Walter G. Campbell, Jr., Esq.<br>Charles A. Acevedo, Esq.<br>Krupnick Campbell Malone Buser Slama Hancock Liberman<br>12 S.E. Seventh Street, Ste. 801<br>Ft. Lauderdale, FL 33301<br>Tel: (954) 763-8181<br>Fax: (954) 763-8292<br>wcampbell@krupnicklaw.com<br>cacevedo@krupnicklaw.com<br>hpotts@krupnicklaw.com<br>*Counsel for CMA OF DELAWARE, INC., and NATIONAL BEVERAGE CORP.* | Glenn J. Waldman, Esq.<br>Douglas T. Marx, Esq.<br>Waldman Trigoboff Hildebrandt Marx & Calnan, P.A.<br>Broward Financial Center, Suite 1700<br>500 East Broward Boulevard<br>Ft. Lauderdale, FL 33394<br>Tel: (954) 467-8600<br>Fax: (954) 467-6222<br>gwaldman@waldmanlawfirm.com<br>mwaller@waldmanlawfirm.com<br>dmarx@waldmanlawfirm.com<br>rpeavey@waldmanlawfirm.com<br>*Co-counsel for CMA OF DELAWARE, INC., and NATIONAL BEVERAGE CORP.* |